UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:

   RYAN R. MCBETH

WENDELL TAYLOR,

   Appellant,

       v.

NANCY J. GARGULA, UNITED STATES TRUSTEE,

   Appellee.

Case No. 14-cv-322-JPG

Bank. Case No. 13-30672-lkg

## MEMORANDUM AND ORDER

This matter comes before the Court on appellant Wendell Taylor's motion for leave to proceed on this appeal *in forma pauperis* without prepayment of the $298 filing fee required by 28 U.S.C. § 1930(b) and (c) (Doc. 6) and motion for an extension of time to file his opening brief (Doc. 5).

**I.   Motion for Leave to Proceed *In Forma Pauperis* (Doc. 6)**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the party's allegation of poverty is untrue or if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).   When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.   *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Taylor's affidavit shows that he is indigent, although some testimony at the Bankruptcy Court hearing suggests Taylor may have received some income he did not disclose in his affidavit. The Court further believes Taylor's appeal is not clearly frivolous or malicious.   Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 6).   However, the Court **WARNS** Taylor that should it become apparent that any statement on his affidavit in support of his motion for leave to proceed *in forma pauperis* is untrue, the Court may dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

**II.    Motion for Extension of Time (Doc. 5)**

Taylor asks the Court for an extension of time to file his opening brief (Doc. 5).   The Court **GRANTS** the motion (Doc. 5) and **ORDERS** that:

- Taylor shall have up to and including September 5, 2014, to file his opening brief;

- the Trustee shall have 14 days from the date Taylor's brief is filed to file a response brief; and

- Taylor shall have 14 days from the date the Trustee's brief is filed to file a reply brief.

**IT IS SO ORDERED.**
**DATED:   August 21, 2014**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**